I intend to reserve a minute or two for rebuttal and I will watch the clock. I apologize if I'm a little discombobulated this morning when I swam at the South Pasadena Y. My car was broken into, the window smashed, all my personal property and my laptop and my entire case file for this case. So I might not have some pinpoint sites on hand. We will try not to ask you for the precise location of the transcript and I'm really very sorry for what happened. Thank you. As to the matter at hand, what we're focusing on and what we're asking is for a re-sentencing hearing because the district court judge committed plain error by relying on information that was precluded from being used to increase the sentence, this information that was revealed through the safety valve proffer. That was the only source of that information was that proffer and the statute was modified, as we know, by the First Step Act in 2018 to preclude the district court's use of that information to enhance the sentence. So that kind of gets to the key argument is whether it enhanced the sentence. My central point in that regard is that the government's argument really doesn't carry water in a post-Booker world. The sentencing guidelines are just one factor. 3553 lists six, seven factors including all the personal characteristics of the defendant, the nature of the offense, sentencing disparity, and so it simply doesn't make sense in the post-Booker world to say, well, the guidelines were higher. What this statute says is you can't enhance the sentence, increase the sentence. Well, in this case, you have to start from the top. You had a mandatory 10-year sentence. You got the benefit of the safety valve proffer, which reduced the sentence, allowed that sentence be reduced below that. The guidelines were 108 months minimum guideline range. You got a sentence below the guideline range. Even in this case, my understanding is, and you can correct me if I'm wrong, that the plea agreement was, there was a waiver of appeal if the sentence was 71 months or less, and the sentence turned out to be 78 months. So there's really a gap of seven months in between there, but you're sort of arguing that even though he waived his right to appeal a 71-month sentence, he should've gotten a 40-month sentence. Well, in terms of the sentencing guidelines, that's just the sentencing guidelines. 3553A says that the starting point of a sentence is a sentence that is no greater than necessary, sufficient but no greater than necessary. And so any increase in that is an enhancement. Well, increasing that from what to what? Well, for example, we know that the court was considering increasing it from the 42-month recommendation from the probation office because the judge specifically focused, and the government in its brief, as an aggravating factor to say why the probation office recommendation was not on point, was because of the information revealed through the safety valve. And so we know that it was increased in some point because of that. But you say that the court should have sentenced him as if this was his only criminal offense that he had ever committed because that's basically what probation said, and that was a determination of their recommendation. But the true facts were that he had taken three trips before this trip. You say the court should have ignored that or pretended like this was his first ever trip offense? How do you say? Because you said it interestingly that the court relied upon it, but the question is not whether they relied upon it. The question is whether they enhanced the sentence. So in what way, you're saying the court can't rely upon it for any determination in assessing what the appropriate sentence is? Well, the clear language of the statute is you can't enhance a sentence based on this information. But doesn't enhancing a sentence mean that you started at a certain point and you gave him more time than he would have otherwise got? Absolutely. So how does that play out? I think the court is focused just on the guidelines. No, forget the guidelines. Where do we start? Well we start at a sentence that is sufficient but not greater than necessary. And I think we can look at some of the... Even the government recommended a 71 month and the plea agreement said that that ostensibly was a reasonable sentence since he waived his right to appeal if he got that sentence. No, I disagree with the court. That's not the way it works in the Southern District. From the cases that I presented, that's what the waiver of appeal is because the government has the negotiating power and they don't want to have to defend a sentence over 70 months. I understand that the guidelines of course have a new status nowadays, but what is the enhancement from? What's the baseline to know what it enhanced? Well, one baseline is the 42 months recommended by the probation officer. That's what I thought you were going to say. Or let's say why not what the defendant recommended and therefore if you go higher than what the defense counsel recommends, you therefore have enhanced. That doesn't make a lot of logical sense to me. I mean, let's say the defense counsel says, well, you know, given the situation, given his family, everything, I think maybe 10 months really would be more appropriate. The judge says, well, I agree with that and I was looking at this conduct. So anything the judge does would be an enhancement under your definition. Well, no, I wouldn't take that definition. I'd say look at the government's own arguments in the pleadings I submitted where they were arguing to protect their informant. No, on a 10-year case in the Southern District, 36 months is the average case. So it would be unfair to impeach the witness for saying that he got any benefit. I know you were arguing that you only look at the district and you send us some follow-up information. But our case, Eichern, says you're supposed to look at national disparities. Why do you think what they did in your particular district makes a difference? Because I'm using that information not just to ask for reversal on sentencing disparity. I'm saying that as circumstantial evidence to show that this is an enhanced sentence for a first-time 26-year-old where cases routinely are sentenced. In the list I provided, 18 months, 24 months, 30 months, day in and day out in the Southern District, that is the sentence for people even with a prior record. In the government's brief, they cite, and I believe it's page 24, footnote 7, they cite several cases to say this wasn't an enhanced sentence, this was a normal sentence. Ocon, the defendant, was in criminal history category 5, was a self-admitted gang member and had violent criminal history. In Mendoza, the defendant was a clear offender, which means he was offense level 38 in category 6. That's 360 to life. That person received two months more than Mr. Brown. And so I submit that as circumstantial evidence. This is an enhanced sentence. The judge had to have focused on something. There was very little in the record to make this a super aggravated offense for a first-time offender other than the information that Congress has said through the First Step Act cannot be used to enhance the sentence. Do you want to reserve your remaining time? Yes, thank you. You may proceed. Thank you, Your Honors. Can you hear me? Yes. Sorry about that. May it please the Court, Mark Rahe for the United States. Your Honors, to get to the first issue, I think from a fair reading of this case, this circuit's case law, and basically common sense approach, that there was not the kind of enhancement that the First Step Act is referring to. And of course, it is unfortunate that in adding that provisio to 3553F, there was no definition provided. But we also know that when Congress legislates, it does so against the backdrop of commonly accepted constructions. And as we pointed out in the government's answering brief at page 18, in a variety of contexts, the Ninth Circuit has held for years that the denial of the sentencing benefit does not equate with an increase in punishment. And we would submit that that kind of authority still should very much inform the construction of the word enhance in this statute. And as Judge Daniels pointed out, I mean, when you look at this case and the steps that it goes, first the defendant's looking at a 120-month mandatory minimum. He gets below that. And even though his safety valve proper includes some aggravating facts, he still gets that minus two. Without it, his resulting guidelines range would have been 135 to 168 months, instead of 108 to 135 months. And all that the district court said, and in fact, when I re-reviewed the record, an excerpt of Record 72, it's interesting because Judge Burns was, you know, he was attuned to this concern. He said, there's always the argument that I'm punishing him for being truthful. I'm not punishing him for being truthful, but it is what it is. And on the same page, he says that it guides my judgment that he'd done this three times before. So our position is, you know, there are other statutes at play here as well, 18 U.S.C. 3161, which was not, you know, revoked or abrogated by the First Act Amendment. It says that a sentencing court, there should be no limit on the conduct and the information regarding a defendant that can be used by a sentencing judge. So in this case, you know, our position, again, we cite those authorities. If it's a denial of a benefit, this is not an enhancement. And I also want to point out, you know, it appears that the policy, I've looked for legislative history. Unfortunately, I couldn't find any that had to do with this provision, but we would agree with the defense that the policy of this would appear to be to encourage defendants to take advantage of the safety belt. And I at least wanted to make an argument that this court should not be, you know, have a concern that that would be undermined by the example of this case, because had this defendant not done the safety belt process, he would have had a 120-month mandatory minimum. There's nothing the judge could do about it. Well, let me ask you, you know, you've acknowledged that we don't have this definition of enhance, and it's not in the statute. We do have the backdrop. So if we're writing a decision as to what enhance means, how would it be written so that we wouldn't disincentivize defendants from taking the safety belt? Because that's important. Or at least being completely candid in their explanation. Right. Well, I know it is. Tell me what you think the principle or the rule would be. I mean, that's the $6 million question, Your Honor, and I don't know if I have the answer. I'm asking you. But I would say, you know, an enhancement, I know defense counsel said, oh, the guidelines aren't that important, Post Booker. The Supreme Court has still said that you have to calculate the guidelines correctly as a first start. So the first point of the definition is that, you know, an enhancement would be an upward adjustment under the guidelines. And I would Black's Law Dictionary, and that was the 10th edition of 2014, included that as the definition of enhancement. It says an upward adjustment to defendant's defense level under applicable sentencing guidelines. So I'd say, you know, my defense counsel knows it's a common parlance in the court. Oh, did you use a gun? You get a use of a gun enhancement. Did you obstruct justice? That's an obstruction, you know, a two-level enhancement. So I would say that definition would exclude upward adjustments under the guidelines and then upward variances. And here, you have neither of those things. I'm, you know... Well, how is the court, how are we supposed to consider the fact that the sentence imposed was even above the sentence that the government recommended? Right, well, the other thing is, too, I mean, even the defendants know all these recommendations, obviously, even the plea agreement in this case, during the Rule 11 Colloquy, these defendants, all defendants who enter into plea agreements know that these are just recommendations, they're not binding on the sentencing judge. So, you know, the enhancement... But you told the judge that a reasonable sentence was 71 months. Correct. And the judge imposed a sentence of 78 months. So, and everyone else was asking for 71 or less. So, why, in your definition, that's not an enhancement? Well, only because, and I wish I had this authority at my fingertips, but I think it's clear from the court's case law, there is no such thing as one reasonable sentence. Obviously, the parties are going to advocate for the position that they feel is justified, but, you know, reasonableness is a range. And, I mean, just because the government, you know, if we give a recommendation, I mean, I don't know that a 71-month recommendation in this case assumed a grant of safety vows, so we know we're below the 10-year man-min, we know we're below 30, what is it, 30 months below the low end of the resulting guideline range? So I think in those circumstances, when the government recommends a 71-month sentence, I don't see how that can, you know, intuitively be called an enhancement. So, and, you know, and again, the parties know, as far as reliance interests, this defendant knew, Excerpt of Record 12 and Excerpt of Record pages 41 to 42, that he's basically rolling the dice when he undergoes this process, the guilty plea and the safety vow proper, and it's up to the district court in the final analysis. But here, he still ended up, you know, three months below the low end of the range. But, you know, Your Honor, I don't know if I, again, I don't have that perfect definition, but I would say it would at least exclude the upward adjustments under the guidelines, under Chapter 2 and 3, or an upward variance, because those seem to be objectively measurable metrics where you could say something that, you know, that we're basically going up. I mean, this, what the judge did here was almost a backstop. If we took just another case in a vacuum, where a judge said, you know what, I'm going to go below the man-min, I'm going to go below the low end of the range, I won't go any further because I find that that would be at odds with sentencing disparity. I've had a thousand cases like this before, and this one fits right in the middle. In that situation, I don't think we would say that by relying on an explicit 3553A factor, the court has enhanced the sentence. Of course, here, Mr. Swain would say, take a look at the Southern District of California and look at all the sentences and where they go, and this guy gets kicked out of that kind of mid-frame. And so why isn't that an enhancement? Well, I mean, again, I don't know that that's an objective metric. I mean, again, you know, I think he's also kind of, I want to do reach that argument about disparity. I mean, to just throw statistics on the law, I think, I cited case law. You know, the whole point to show that somebody was treated disparately, you have to prove that these other people were similarly situated. One thing he's completely neglected in his presentation is that this defendant brought his 9-year-old stepson along during the importation offense. And the district judge found that to be extremely aggravating, didn't mention it just for a sentence or two, but entire paragraphs. I bring that up for the following reason, and I saw the 28-J letter that Mr. Swain submitted. And again, it's just more statistics. It doesn't go into the kind of detail. If you're going to prove that somebody's similarly situated, I want to see, you know, there should at least be some other evidence. But as this court knows, it's an abusive discretion standard for substantive unreasonableness. And, you know, just because, and I know I very much respect defense counsel. He's a fierce advocate. He has been for decades in this district. He's always going to want to see the lowest possible sentence. I would just submit that in this case, the court— I know, but usually you don't get so lucky that the government actually gives you a pretty good deal, and then the judge rejects it. You know, that happens, too. But, you know, and the other thing in this case was this defendant did not get an enhancement for use of a minor under the guidelines. The district court was entitled to give that weight under 3553. My point is just being that, you know, when I can hold a list of a bunch of statistics, and if it doesn't give you the underlying facts, if it doesn't talk about the circumstances of the offense, I don't know that we can jump to a conclusion that the district court has committed an abusive discretion in its sentencing decision. Let me just ask one more question. If the court had said, I was going to give you the 71-month sentence that everybody, that was provided in the plea agreement, but since I found out that you, this wasn't your first time, I'm going to give you more, would that have been an enhancement under your definition? That's a closer question. I could see where the argument would be made, but I still, I would take the position that no, because again, you know, it could have been the 120, it could have been the 108. It's still a very significant downward variance. The court's just using it to limit the scope of clemency that it gives. And if we have all these other Ninth Circuit cases for decades, both in the ex post facto context, the 18 U.S.C. 3582 context, and the guidelines context, saying that the denial of a benefit is not the same thing as an enhancement or increased punishment, I would stand on that principle. But I understand it's very difficult. At times it's almost philosophical, but I appreciate the concern, Your Honor. Thank you. And unless there are any further questions, the government would submit. And I'm sorry to defense counsel that you had that horrible experience this morning. Thank you. Mr. Swain. Thank you. And thank you, Mark. The government in its argument is conflating enhancement, trying to tie it to the guidelines. That's not the language of the amendment. It's enhance the sentence. It doesn't say it applies to some enhancement like the government's argument should be limited to, number one. Number two, let's say that the sentencing judge says this is an aggravating factor because of race or gender or ability to pay a restitution. If he's using that in any way to increase the sentence, whether it's above or below the guidelines, but under a 3553A analysis, the court would not want to have that insulated from review because all we're asking for is a remand to be resentenced where we can know that the court hasn't used this protected information to enhance the sentence. And I just don't think it's rational to say for the government to point one aggravating factor that wasn't even aggravating the fact that the wife's child was in the car, wasn't even aggravating enough to find the sentencing enhancement because the probation officer found in the guideline analysis that there wasn't the mental state required to impose that enhancement. Sure, it's part of the 3553A factors to be considered, but apart from that one factor, what is there that would bring it up from the probation officer's recommendation of 42 or the average in the district for this type of case of 36 months? What if the district judge simply, if the judge doesn't reference anything about enhanced, but says, look, looking at basically the landscape of this gentleman, constellation of what's happened here, you know, the child, the other activities he's been involved in, I look at all that under 3553 and this is my sentence. Is that an enhancement if he references it? Well, in hindsight, we know now that we're more familiar with this new amendment that the parties weren't aware of at the time, and I think it could be clarified at sentencing and an objection could be raised at the time or asked for clarification to make sure, Judge, that you're aware of 3553AF amendments saying that you can't use this to enhance. And so if that's not, I just want you to know, Judge. The judge says, I'm not using it to enhance. I'm simply using this information as putting in the mix. Is that legitimate under that? Not unless the judge specifies that I'm not giving him 55 months instead of 45 months. Let's say we agreed with you and we sent this back to the district court, and then he says, no, I'm not using this to enhance in any way. I'm just using it as part of the informational base. Would that be okay? Would you have an appeal? Well, I think we can trust the district court judge to follow the law and realize, oh, there is this mandate I wasn't aware of, and he can decide. You know, I did mention it several times in imposing sentence. I used that as a basis to say why the 42-month recommendation probation was not adequate. So, you know, if I'm not using that against a defendant, you know, I – If the probation office prepared the PSR before this safety valve proper, if it went back and the probation office prepared a new PSR, is it your position that they could not use this additional information in preparing the PSR when making a recommendation? Well, I don't think they would use that. The only source of that information is the safety valve information. So is it your position that the information that was produced by the safety valve cannot be used for sentencing in any way? Well, it can't be used to enhance the sentence. Can it be used in any way? Well, I think I'd ask the court to consider that it's a limited situation. We're only talking about cases where there's not other evidence or the person didn't – Wait, that still doesn't answer my question. Could you just tell me if that's your position, that this information cannot be used in sentencing in any way? It cannot be used to enhance the sentence. But it could be used if it weren't for enhancement. Well, certainly we're not asking the court to be blinded or not get information, but we have to make sure that the district court judge is not using that information. Well, if the defense had argued that sentence, judge, we want a sentence of time served or probation, and the court finds out from the safety valve proffer that the defendant has committed a murder, is it your argument that the court can't use that information in any way to give him a sentence above probation or time served? Well, two answers. First, the amendment specifically excludes evidence of violent crimes. And so that's an exception, number one. Well, I thought the amendment said that the underlying crime had to be violent, the crime for which you plead guilty. I believe it says that if it relates to the safety valve, information provides information about a violent offense. And then my second response would be, you know, I'm not saying that the base or that any enhancement of what the defense argues in sentencing. I'm asking the court to ask the judge, are you enhancing the sentence you'd otherwise give based on solely the protected information revealed by the safety valve proffer? I realize I'm way out of time, but if there's any other questions, thank you. Thank you. The case just argued, United States v. Brown, is submitted.
judges: McKEOWN, IKUTA, Daniels